IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ENCHANTED ACRES FARM, INC. | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | NO. 19-2213 |
| | : | |
| NATURE'S ONE LLC | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                           **August 1, 2019**

A company claiming a manufacturer breached an unidentified contract must plead the contract so we can determine if the alleged contract existed and its terms. We must then determine if the company's failure to identify the breach of contract claim as an asset in its bankruptcy precludes claiming a pre-bankruptcy breach of contract. We today review the company's amended pleading of negotiations followed by a manufacturer's deposit and some activity ending approximately five months before the packaging company filed bankruptcy. The company failed to report the manufacturer's breach of contract as an asset (now allegedly worth in excess of $200,000) in its sworn statement of assets in its bankruptcy. Although the company fails to plead a contract, let alone one after its bankruptcy petition, the company now argues it is pursuing relief on multiple unplead contractual theories. None of the alleged contracts with the manufacturer are in writing. Absent a contract, we cannot proceed on a breach of contract theory. We grant the manufacturer's motion to dismiss but grant the company leave to file a second amended complaint if it can plead a contract not barred by its failure to list this asset in its bankruptcy and otherwise compliant with Federal Rule of Civil Procedure 11.

## I. Alleged Facts[1]

Enchanted Acres Farm, Inc. is a third party manufacturer of dry powdered food products.[2] In February 2016, the owner and Chief Executive Officer of Enchanted Acres, Kelley Huff, "entered into discussions" with Paul Anloague, the Director of Research and Development and Commercial Operations of Nature's One, LLC, regarding Enchanted Acres' packaging capabilities.[3] As part of their discussions, personnel from Nature's One visited Enchanted Acres' manufacturing facility on April 19, 2016. After the visit, Nature's One "expressed its desire to contract" with Enchanted Acres to package its powdered food and toddler products.[4] There is no allegation the parties entered into a written contract at this time.

### *Progress towards a relationship.*

In May 2016, Enchanted Acres provided confidential documents to Nature's One demonstrating its packaging qualifications.[5] Enchanted Acres also provided forms to allow Nature's One to specify packaging needs.[6] Enchanted Acres told Nature's One it needed a "test run" to validate the product and packaging process.[7] Nature's One told Enchanted Acres it had 2,100 pounds of powdered product not suitable for sale ("scrap powder") which could be used in a packaging test run.[8] Enchanted Acres required a test run using the scrap powder "to move forward with the contemplated contract" with Nature's One.[9] There is no allegation of a pre-existing contract or the parties entering into a written contract at this time.

Enchanted Acres waited through June and July 2016 for Nature's One to submit packaging specifications for a test run, and made continued requests of Nature's One for the necessary information.[10] Nature's One's Director Anloague emailed Enchanted Acres on June 7, 2016 advising Nature's One could not supply the requested information and move forward with the packaging contract because Nature's One faced a product recall.[11] Nature's One sought to salvage

the product, and its Director Anloague asked Enchanted Acres whether its x-ray equipment could detect whether the 5,300 cases of the recalled product had the incorrect scope sealed inside its packaging.[12] Enchanted Acres responded it needed to inspect the product to determine whether its equipment could detect the scoop. There is no allegation Enchanted Acres and Nature's One ever entered into a written agreement to x-ray the recalled product or Enchanted Acres actually performed the x-ray services.

On August 19, 2016, Enchanted Acres and Nature's One held a conference call to discuss "project scope, timeline, milestones, risks, and critical success factors."[13] The parties agreed to a "Qualification Trial" of 26,000 pounds of powder to be produced the week of September 12, 2016 and to be canned the week of October 24, 2016 at Enchanted Acres' facility.[14] There is no allegation the parties entered into a written agreement to perform the Qualification Trial.

On August 22, 2016, Nature's One provided product specifications as previously requested by Enchanted Acres and, on September 22, 2016, Enchanted Acres performed a test run on the scrap powder.[15] Enchanted Acres told Nature's One the scrap powder passed the "flow test."[16] The next day, September 23, 2016, Nature's One told Enchanted Acres of processing problems with its new powder and requested rescheduling the Qualification Trial from October to November or December 2016.[17] On October 14, 2016, Enchanted Acres received at its facility 5,700 cartons—but not the powdered product—from Nature's One.[18] Nature's One never rescheduled the Qualification Trial.

Months went by without contact. On March 16, 2017, Enchanted Acres and Nature's One agreed to a "secondary trial" to blend "reclaimed" and "fresh" powder and then package it in cans at the end of April 2017 ("Reclamation Blending Project").[19] On March 23, 2017, Nature's One

3

gave a $20,000 deposit to Enchanted Acres for the Reclamation Blending Project and "for the contract" between the parties.[20] There is no allegation the parties entered a written contract.

Enchanted Acres devoted considerable resources to prepare for the Reclamation Blending Project both before and after receiving the $20,000 deposit from Nature's One.[21] On April 17, 2017, Nature's One told Enchanted Acres it wanted to postpone the Reclamation Blending Project from the end of April to the week of July 24, 2017.[22] Nature's One then postponed the Reclamation Blending Project three times: from July to September, from September to October, and from October to December 2017.[23] Enchanted Acres agreed to each new postponed date.

On October 25, 2017, Nature's One cancelled the Reclamation Blending Project trial altogether, did not request a new date for the trial, or provide Enchanted Acres with a reason for cancelling the project.[24] A liberal reading of the allegations confirms the parties' potential relationship ended in October 2017.

### *Enchanted Acres' bankruptcy.*

Approximately five months later, Enchanted Acres filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.[25] On March 8, 2018, Enchanted Acres filed a Summary of Assets and Liabilities in its bankruptcy.[26] In its Schedule of Assets, Enchanted Acres did not list deposits or prepayments; an account receivable; a cause of action against Nature's One, but listed claims against two other third parties; a contingent and unliquidated claim or cause of action against Nature's One; or, executory contracts with Nature's One.[27] Enchanted Acres listed $200 in total assets and $798,284 in total liabilities.[28] It did not list a potential asset for a breach of contract by Nature's One.

On April 24, 2018, the United States Trustee moved to dismiss Enchanted Acres' petition or convert it to a Chapter 7.[29] Enchanted Acres filed an updated monthly operating report for

4

April, May, and June 2018 showing no revenue and expenses.[30] On July 26, 2018, Chief Judge Fehling of the United States Bankruptcy Court for the Eastern District of Pennsylvania granted the Trustee's motion and dismissed Enchanted Acres' bankruptcy petition.[31] Chief Judge Fehling did not enter an order discharging Enchanted Acres' debt.

Nearly one year later, on May 28, 2019, Enchanted Acres sued Nature's One for breach of contract, alleging it suffered $282,000 in damages.

## II. Analysis

Nature's One moves to dismiss arguing: (1) Enchanted Acres is judicially estopped from asserting its breach of contract claim here because it failed to list this asset in its bankruptcy; and (2) even if not judicially estopped, Enchanted Acres fails to state a claim for breach of contract and the claim is barred by the statute of frauds. Nature's One alternatively moves to strike Enchanted Acres' prayer for relief because it seeks damages that are not recoverable as a matter of law.

In response, Enchanted Acres concedes it filed bankruptcy and did not list the contract or a cause of action against Nature's One on its scheduled assets.[32] But, without citing an allegation, it argues a breach of contract cause of action against Nature's One did not arise until *after* the February 21, 2018 petition date even though the judicial admissions in the amended complaint confirm the end of the relationship approximately five months before the bankruptcy. Enchanted Acres also responds the breach of contract and the statute of frauds questions are "more properly left to trial." As to damages, Enchanted Acres concedes it seeks both reliance damages and expectation damages, but argues the damages flow from two different "actions": Nature's One's conduct regarding the Qualification Trial and its conduct regarding the Reclamation Blending Project trial. It argues it may recover both reliance and expectation damages.

### A. We cannot determine the application of judicial estoppel without pleading a contract claim.

Nature's One argues Enchanted Acres is judicially estopped from raising its breach of contract claim because it did not disclose a contract with Nature's One or a breach claim in its 2018 bankruptcy. Judicial estoppel is a "judge-made doctrine that bars a litigant from asserting a position that is inconsistent with one [it] took before a court ...."[33] The "basic principle" of the doctrine of judicial estoppel is "absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory," and "frequently arises in the context of a failure to schedule a claim as an asset in bankruptcy, and the inconsistent pursuit of the undisclosed claim."[34]

"Judicial estoppel may be imposed only if: (1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity."[35]

As to the first element, Nature's One argues Enchanted Acres' complaint pleads conduct and events before the February 21, 2018 bankruptcy petition and Enchanted Acres did not list a cause of action against Nature's One on its schedule of assets filed a couple weeks later. Nature's One argues a debtor's schedule of assets and liabilities "must disclose, *inter alia*, 'contingent and unliquidated claims of every nature' and provide an estimated value for each one."[36] The Bankruptcy Code "imposes on debtors an affirmative duty of full disclosure."[37] Given Enchanted Acres' obligation to fully disclose all assets, including "contingent and unliquidated claims of every nature," and its failure to do so, Nature's One argues the first element of judicial estoppel is met. Enchanted Acres concedes it did not list any cause of action against Nature's One on its

6

schedule of assets.[38] It argues Nature's One's breach occurred after its February 21, 2018 bankruptcy filing and it could not have included it in its schedules.[39] We see nothing on the face of the amended complaint of any conduct taken by Nature's One after February 21, 2018.

Nature's One argues the second element of judicial estoppel is met because Enchanted Acres' failure to fully disclose its claim against Nature's One is presumed to be taken in bad faith. "[A] 'rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose.'"[40] Nature's One argues as a debtor seeking to discharge nearly $800,000 in debt, Enchanted Acres had a motive to conceal potential assets and chose not to list its breach of contract claim (allegedly worth more than $200,000) against Nature's One despite "numerous opportunities to schedule" it in its filings.[41]

As to the third element, Nature's One argues dismissal is the only sanction to remedy its conduct and there is no lesser sanction. It seeks dismissal with prejudice. Here again Enchanted Acres argues its failure to list its action against Nature's One is not duplicitous because Nature's One's breach did not occur until after the bankruptcy petition.

We may agree with Nature's One if we understood Enchanted Acres' contract claim or claims. As currently plead, we cannot determine whether Enchanted Acres plausibly pleads whether a contract, written or oral, ever existed between it and Nature's One. It argues while "there was a series of transactions between" the parties before the February 21, 2018 petition date, a breach did not occur until after the petition date and it could not have listed a claim against Nature's One on the schedule of assets.[42] In its response, Enchanted Acres appears to assert breaches of two or three different contracts not plead in the amended complaint: one relating to the Qualification Trial; one relating to the Reclamation Blending Project trial; and "the larger

7

contract between the parties post-bankruptcy."[43] This representation is contrary to the amended complaint. But Enchanted Acres does not allege facts as to a contract, let alone distinct contracts relating to the Qualification Trial, the Reclamation Blending Project trial, or "the larger contract between the parties post-bankruptcy."

Because we cannot determine the contours of Enchanted Acres' contract claim or claims, including when, if at all, Nature's One breach of one occurred, we cannot conduct a judicial estoppel analysis.

### B. Enchanted Acres fails to plead a contract claim.

Nature's One next argues even if we do not dismiss the amended complaint under the doctrine of judicial estoppel, Enchanted Acres fails to plead a breach of contract.[44] Under Pennsylvania law, the elements of a breach of contract claim are "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and, (3) resultant damages."[45] Enchanted Acres fail to plausibly state a claim for breach of contract. As discussed above, we have no idea what contract or contracts existed and Enchanted Acres fails to plausibly allege one, or more, contracts.

We read Enchanted Acres' amended complaint to possibly state a claim for promissory estoppel notwithstanding the claim's identification as one for breach of contract. "The doctrine of promissory estoppel permits a claimant to enforce a promise in the absence of consideration."[46] To maintain a promissory estoppel action a claimant must aver the following elements: "(1) the promisor made a promise that [it] should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise."[47] "Where there is no enforceable agreement between the parties because the agreement

8

is not supported by consideration, the doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment."[48]

It is unclear whether Enchanted Acres attempts to plead promissory estoppel. Any such claim is incompatible with Enchanted Acres' allegation Nature's One made a $20,000 "deposit" to "secure the resources of Enchanted Acts for the Reclamation Blending Project, and for the contract between Enchanted Acres and Nature's One" which may have been consideration for a contract.[49] Again, we cannot tell from the face of the amended complaint whether there is a written or oral contract, or contracts, between the parties or whether Enchanted Acres may pursue a promissory estoppel claim.

Nature's One additionally argues a breach of contract claim is barred by the statute of frauds. Enchanted Acres responds it plead a short and plain statement of its claim under Federal Rule of Civil Procedure 8 and the statute of frauds is "more properly left to the trial of the matter, and [it is] not required to make out a cause of action in the Complaint."[50]

Pennsylvania's statute of frauds provides, *inter alia*, "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought ... ."[51] The statute of frauds is an affirmative defense under Rule 8(c). As such, it is generally not a basis for dismissal and we "should not grant a motion to dismiss a claim based on the Statute of Frauds where discovery may reveal that a writing exists."[52] We may only dismiss under Rule 12(b)(6) on the basis of the statute of frauds when "the defect appears on the face of the pleading."[53] A statute of frauds defense is

9

"appropriately considered [on a Rule 12(b)(6) motion] only if it presents an insuperable barrier to recovery by the plaintiff."[54]

Nature's One concedes the statute of frauds is generally not a basis for dismissal, but argues the alleged facts are an exception to the rule because the defect, characterized by Nature's One as "an alleged oral agreement," appears on the face of the amended complaint.[55] At this stage, we cannot apply the statute of frauds to dismiss Enchanted Acres' amended complaint because we do not know the nature of the contract or contracts allegedly breached.

### C. We strike Enchanted Acres' damages demand as currently plead.

Nature's One moves, in the alternative, to strike Enchanted Acres' damages demand under Federal Rule of Civil Procedure 12(f). Nature's One argues Enchanted Acres cannot recover both expectation damages and reliance damages. It points to Enchanted Acres' demand of $282,000 to compensate it for both the time and resources expended at Nature's One's request and for profits lost as a result of its breach. Nature's One argues these are alternative damage theories serving the same purpose, and cannot be "combined."[56]

Expectation damages are measured by the "losses caused and gains prevented by defendant's breach, to the extent they are in excess of any savings made possible by nonperformance."[57] "If expectation damages are inappropriate, courts can award reliance damages" which "put the non-breaching party back in the position in which [it] would have been had the contract not been made."[58] Reliance damages are measure by "the expenditures made in performance of the contract."[59] Generally, "expectation damages are the usual and preferred remedy for breach of contract," but "an injured party may alternatively seek reliance ... damages."[60]

10

In response, Enchanted Acres concedes it seeks both types of damages and to recover both for the same actions "would be inappropriate."[61] But Enchanted Acres argues it is not seeking both expectation and reliance damages arising from the "same actions" of Nature's One. Instead, it contends damages sought are to remedy the breach by Nature's One of the Qualification Trial, the Reclamation Blending Project trial, and some "larger contract between the parties post-bankruptcy."[62] Enchanted Acres asserts "some actions" of Nature's One "give[] rise to reliance damages, and some actions ... have given rise to expectation damages" and recovering both types of damages arising from "different actions ... while in the same course of dealing between the parties" is allowable.[63]

As addressed above, Enchanted Acres does not plead the existence of a contract. Although Enchanted Acres' response to the motion to dismiss appears to explain there is more than one contract, there are no facts alleged in the amended complaint supporting such claims. We grant Nature's One's motion to strike but will allow Enchanted Acres to file an amended complaint plausibly alleging a contract and contract theory with recoverable damages permitted under the contract theory.

## III. Conclusion

In the accompanying Order, we grant Nature's One's motion to dismiss without prejudice to file a second amended complaint consistent with this memorandum and its obligations under Federal Rule of Civil Procedure 11.

---

[1] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[2] ECF Doc. No. 3 at ¶ 6.

[3] *Id.* at ¶ 7.

[4] *Id.* at ¶ 9.

[5] *Id.* at ¶ 10.

[6] *Id.* at ¶ 11.

[7] *Id.* at ¶ 12.

[8] *Id.* at ¶ 13.

[9] *Id.* at ¶ 14.

[10] *Id.* at ¶ 15.

[11] *Id.* at ¶ 16.

[12] *Id.*

[13] *Id.* at ¶ 19.

[14] *Id.*

[15] *Id.* at ¶¶ 20-21.

[16] *Id.* at ¶¶ 21-22.

[17] *Id.* at ¶ 23.

[18] *Id.* at ¶ 24.

[19] *Id.* at ¶ 26.

[20] *Id.* at ¶ 27.

[21] *Id.* at ¶ 28.

[22] *Id.* at ¶ 29.

[23] *Id.* at ¶¶ 31-33.

[24] *Id.* at ¶ 34.

[25] Enchanted Acres filed its petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania, No 18-11162.

[26] ECF Doc. No. 12-3.

[27] *Id.* at 2, 6, 32. We use the pagination assigned by the CM/ECF docketing system.

[28] *Id.* at 2, 28-31.

[29] ECF Doc. No. 12-5. The Trustee alleged Enchanted Acres failed to appear at two creditors' meetings under 11 U.S.C. § 341(a), failed to remain current with filing its monthly operating reports, and failed to remain current with post-petition financial obligations.

[30] ECF Doc. No. 12-7.

[31] ECF Doc. No. 12-8.

[32] ECF Doc. No. 13-2.

[33] *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 50 (3d Cir. 2018).

[34] *Id.* (citations omitted).

[35] *Id.* (quoting *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 777–78 (3d Cir. 2001)).

[36] *Id.* (quoting *Ryan Operations G.P. v. Forrest Paint Co., Inc.*, 81 F.3d 355, 362 (3d Cir. 1996)).

[37] *Ryan Operations G.P.*, 81 F.3d at 362 (citing 11 U.S.C. § 521(1)).

[38] ECF Doc. No. 13-2 at 3.

[39] *Id.*

[40] *Danise*, 738 F. App'x at 51 (quoting *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003)).

⁴¹ EF Doc. No. 12-1 at 8. Nature's One additionally contends the fact Judge Fehling dismissed Enchanted Acres' bankruptcy without a discharge does not preclude a finding of bad faith. Nature's One cites *J.H. Group, LLC v. Royal Rolling Chairs, LLC*, No. 11-1595, 2012 WL 3185922 (D.N.J. Aug. 2, 2012), aff'd, 523 F. App'x 922 (3d Cir. 2013). In *J.H. Group*, the district court dismissed plaintiffs' complaint under the doctrine of judicial estoppel finding, *inter alia*, the "bad faith" prong satisfied even though the bankruptcy trustee dismissed their bankruptcy petition. *Id.* at * 3. In *Clark v. Strober-Haddonfield Grp. Inc.*, No. 07-910, 2008 WL 2945972 (D.N.J. July 29, 2008), the district court dismissed plaintiff's claim under judicial estoppel, rejecting plaintiff's argument because the bankruptcy court dismissed his case without discharge, he did not benefit from concealment of a discrimination claim in his bankruptcy filings. *Id.* at *3 (citing *Ryan Operations*, 81 F.3d at 361).

⁴² ECF Doc. No. 13-2 at 3.

⁴³ *Id.* at 4.

⁴⁴ Nature's One argues Enchanted Acres' pleading is so deficient "[i]t is impossible to tell from the Amended Complaint whether the contract was formed in Ohio or Pennsylvania and which state's law applies." *See* ECF Doc. No. 12-1 at 10.

⁴⁵ *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).

⁴⁶ *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 717 (Pa. Super. 2005) (citing *Shoemaker v. Commonwealth Bank*, 700 A. 2d 1003 (Pa. Super. 1997)).

⁴⁷ *Id.* at 717-18 (quoting *Shoemaker*, 700 A.2d at 1006).

⁴⁸ *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000) (citing Restatement (Second) Contracts, § 90 (1981)). *See also Shoemaker*, 700 A.2d at 1006 ("[t]he doctrine of promissory estoppel allows a party, under certain circumstances, to enforce a promise even though that promise is not supported by consideration").

⁴⁹ ECF Doc. No. 3 at ¶ 27.

⁵⁰ ECF Doc. No. 13-2.

⁵¹ 13 Pa.Cons. Stat. Ann. § 2201.

⁵² *Premier Payments Online, Inc. v. Payment Systems Worldwide*, No. 11-3429, 2011 WL 3652442, at * 4 (E.D. Pa. Aug. 18, 2011) (citing *Sheet Metal Workers Local 44 v. Scranton Sheet Metal*, 881 F. Supp. 959, 961 (M.D. Pa. 1994)).

⁵³ *Mill Run Assocs. v. Locke Prop. Co., Inc.*, 282 F. Supp. 2d 278, 289 (E.D. Pa. 2003).

⁵⁴ *Flight Sys., Inc. v. Electronic Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997).

[55] ECF Doc. No. 12-1 at 11.

[56] *Id.* at 13.

[57] *Apacheta Corp. v. Lincare, Inc.*, No. 16-2030, 2018 WL 3831377, at *12 (E.D.Pa. Aug. 13, 2018) (citing *Am. Air Filter Co. v. McNichol*, 527 F.2d 1297, 1299 (3d Cir. 1975)).

[58] *Id.* at * 13 (internal quotations omitted) (citations omitted). *See also myService Force, Inc. v. Am. Home Shield*, No. 10-6793, 2014 WL 2765046, at * 6 (E.D. Pa. June 18, 2014) ("A party typically seeks reliance damages when 'recovery based on traditional notions of expectation damages is clouded because of the uncertainty in measuring the loss in value to the aggrieved contracting party'") (quoting *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998)).

[59] *Id.* (citations omitted).

[60] *myService Force, Inc.*, 2014 WL 2765046, at * 6 (quoting *Darious Int'l Inc. v. Young*, No. 05-6184, 2008 WL 1820945, at * 51 (E.D. Pa. Apr. 23, 2008)).

[61] ECF Doc. No. 13-2 at 4.

[62] *Id.*

[63] *Id.*